Lawrence W. Schwartz and Julia Schwartz v. Commissioner.
Lawrence W. Schwartz & Julia Schwartz v. Commissioner
Docket No. 28150.
United States Tax Court
1951 Tax Ct. Memo LEXIS 227; 10 T.C.M. (CCH) 462; T.C.M. (RIA) 51143; May 18, 1951
*227 Petitioner in the taxable years 1945 and 1946 was engaged as a salesman in the business of selling shirts and other articles of dry goods on commission. He represented one certain shirt manufacturer of New York City and also several other concerns as well. On his income tax returns he reported commissions received from the shirt manufacturer and this part of petitioner's returns has been accepted as correct by the Commissioner. He also, in addition to these commissions, reported certain other additional commissions which the Commissioner has not accepted as correct and in his determination of the deficiencies, the Commissioner has increased very considerably these "additional commissions." Held, the Commissioner is sustained in part and reversed in part as to these "additional commissions." Held, further, the petitioner is allowed $480 in each of the taxable years as the cost of operating his automobile in carrying on his business as commission salesman and the remainder of the Commissioner's disallowance of certain business expenses claimed by petitioner in each of the taxable years is sustained for lack of evidence to support them. Lawrence W. Schwartz, pro se. Michael *228 Waris, Jr., Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in petitioners' income tax and penalties, as follows: Year
Deficiency
50% Penalty
1945
$3,287.20
$1,643.60
1946
2,900.54
1,450.27
The deficiency for 1945 was determined by the Commissioner making the following adjustments to the net income disclosed by petitioner's return: Unallowable deductions and additional income: (a) Capital gains
$ 1,434.14
(b) Business income
9,228.20
(c) Business and traveling expenses
1,809.00
(d) Medical expenses
200.45
Total
$12,671.79 Nontaxable income and additional deductions: (e) Salary and commissions
$ 2,000.00 Adjustments (b), (c), and (e) are explained in the deficiency notice as follows: "(b) It is determined that in the years 1945 and 1946 you realized income of $9,228.20 and $13,010.07 respectively, from business activities not reported. "(c) The claimed deductions for business and traveling expenses of $1,809.00 and $1,400.00 for the years 1945 and 1946, respectively, have been disallowed since no evidence has been submitted *229 establishing the expenditures as representing ordinary and necessary business expenses. "(e) The sum of $2,000.00 erroneously reported as compensation on account of commissions received, is eliminated from income." The deficiency for 1946 was determined by the Commissioner making the following adjustments to the net income disclosed by petitioner's return: Unallowable deductions and additional income: (a) Capital gains
$ 82.30
(b) Business income
13,010.07
(c) Business and traveling expenses
1,400.00
(d) Medical expenses
487.01
(e) Interest
21.30
(f) Taxes
10.00
Total
$15,010.68 Nontaxable income and additional deductions: (g) Salary and commissions
$ 3,999.87 Adjustments (b) and (c) are explained in the same manner as adjustments (b) and (c) were explained for the year 1945. Adjustment (g) was explained as follows: (g) It has been determined that salaries and commissions were overstated by $3,999.87, as follows: Commissions - as reported
$4,000.00
- as corrected
Decrease in income
$4,000.00
Salary - as reported
$ 755.00
- as corrected
755.13
Increase in income
(.13)
Net decrease in income
$3,999.87
*230 The petitioners assign errors as follows: "1. The Commissioner erred in disallowing the following deductions for lack of substantiation; for the taxable years ended December 31, 1945 and December 31, 1946: 1945
1946
(a) Business and traveling
expenses
$1,809.00
$1,400.00
(b) Medical expenses
200.45
487.01
(c) Interest
21.30
(d) Taxes
10.00
"2. The Commissioner erred in asserting that the Petitioners realized unreported business income of $9,228.20 for the taxable year ended December 31, 1945, and $13,010.07 in the taxable year ended December 31, 1946. "3. The Commissioner erred in asserting that the Petitioner did not have taxable salaries and commissions of $2,000.00 in 1945 and $3,999.87 in 1946. "4. The Commissioner erred in asserting a 50% fraud penalty of $1,643.60 for the taxable year ended December 31, 1945, and in asserting a 50% fraud penalty of $1,450.27 for the taxable year ended December 31, 1946." At the hearing respondent conceded that 50 per cent fraud penalties are not to be imposed. Therefore, the issue of fraud is no longer in the case. Findings of Fact Petitioners are husband and wife and reside in Jamaica, New *231 York. The returns for the taxable years here involved were filed with the collector for the first district of New York. Petitioner Lawrence W. Schwartz in both of the taxable years was engaged in the business of selling shirts and other articles of dry goods and notions on a commission basis. He did not receive a salary from any one. Some of the goods he sold on a consignment basis. He will hereinafter be referred to as the petitioner. He sold goods on commission basis for several different firms. One of the principal firms for which he sold shirts on a commission was Broom & Newman of New York City. He received a commission of seven per cent for the goods which he sold for this firm. On his income tax return for 1945 he reported $3,000 as total commissions received from Broom & Newman and on his 1946 return he reported $755 commissions received from Broom & Newman. The Commissioner concedes that petitioner correctly reported the commissions which he received from Broom & Newman. In addition to the goods which petitioner sold for Broom & Newman in 1945 and 1946, he sold for others in 1945, goods which amounted to $92,281.95. In 1946 he sold goods for others which amounted to $130,466. *232 In selling these goods, in the amounts above mentioned, petitioner at times had to divide his commissions with others. The evidence is not clear as to how much in commissions petitioner received from these sales to others but based largely on petitioner's testimony, we conclude that after making division of commissions with others, he received a net commission of as much as five per cent on these other sales. We therefore find as a fact after considering the evidence which is far from being satisfactory that in addition to the commissions which petitioner received from Broom & Newman in 1945, he received in 1945, commissions of five per cent on $92,281.95 worth of goods sold, which was $4,614.09. In addition to the commissions which petitioner received from Broom & Newman in 1946, he received commissions in 1946 of five per cent on $130,466 worth of goods sold which was $6,523.30. Petitioner in each of the taxable years traveled in his automobile in what he described in his testimony as "the five boroughs and Suffolk County and New York City." He made daily trips during certain week days in calling upon customers. Inasmuch as he was selling on commission he had to pay his own expenses *233 for oil, gasoline, et cetera used in the operation of his automobile. In his income tax return for 1945, petitioner claimed traveling expenses: "35 weeks at $32.00 = $1120.00" and wrote underneath the above figures: "(Railroad fares, hotel expenses, automobile, etc.)." Based upon rather meager evidence in the record we find that petitioner incurred in 1945 in traveling expenses in the operation of his automobile in his business $480. In his income tax return for 1946, petitioner claimed traveling expenses of $1,000. Based on rather meager evidence in the record we find that petitioner incurred traveling expenses in the operation of his automobile in his business of $480 in 1946. In his income tax return for 1945 petitioner reported under the heading: Wages, salaries, bonuses, commissions,
received in 1945: Broom & Newman
$3,000
Additional commissions earned
2,000 In accordance with our finding of fact above this latter figure of "Additional Commissions Earned," should have been $4,614.09 instead of $2,000 as returned. in his income tax return for 1946 petitioner reported under the heading: Wages, salaries, bonuses, commissions,
received in 1946: Broom & Newman, New York, New
York
$ 755.00
Additional commissions
4,000.00
Income Schedule D
685.00
*234 The item of "Additional Commissions $4,000.00" shown above, should have been, in accordance with the finding of fact which we have heretofore made: Additional Commissions $6,523.30. Opinion BLACK, Judge: As respondent has pointed out in the memorandum brief which he has filed, the evidence in this case, which consists of petitioner's testimony, the income tax returns and the deficiency notice together with the statements attached thereto are very incomplete and unsatisfactory, so far as petitioner's testimony is concerned. However, the case has been submitted to us and we feel we should do the best we can in deciding the issues which have been submitted. We will take up the assignments of error in their order as enumerated in our preliminary statement: "1. The Commissioner erred in disallowing the following deductions for lack of substantiation; for the taxable years ended December 31, 1945 and December 31, 1946: 1945
1946
(a) Business and travel-
ing expenses
$1,809.00
$1,400.00
(b) Medical expenses
200.45
487.01
(c) Interest
21.30
(d) Taxes
10.00" With reference to business and traveling expenses for 1945; petitioner on his return claimed *235 $1,809 composed of the following: Traveling expenses, 35 weeks at $32.00
$1,120
(Railroad fares, hotel expenses, auto-
mobile, etc.)
Gifts to buyers and entertainment of
buyers, clerks, etc.
689
Total
$1,809 While the evidence as to the traveling expenses is meager and unsatisfactory, applying the doctrine of Cohan v. Commissioner, 39 Fed. (2d) 540, we have found that in 1945, petitioner expended $480 for traveling expenses in his business in the operation of his automobile and should be allowed that amount in a recomputation under Rule 50. As to the alleged $689 expended as gifts to buyers and entertainment of buyers we can make no finding of fact even under the doctrine of the Cohan case. We have absolutely no evidence as to those alleged expenses. Therefore the Commissioner is sustained in his disallowance of them. With reference to business expenses of $1,400 claimed on petitioner's return for 1946, these were enumerated in a schedule on the return, as follows: Auto repairs
$ 200.00
Entertainment and gifts
100.00
Traveling expenses
1,000.00
Auto depreciation
150.00
$1,450.00 Here again the evidence is meager and unsatisfactory. *236 But reaching the best conclusion we can under the doctrine of the Cohan case, we have found that petitioner incurred and paid traveling expenses in his business for 1946 of $480, in the operation of his automobile. We have no evidence at all as to entertainment and gift expenditures and can make no finding of any such expenditures. Therefore the Commissioner is sustained in that disallowance. Also we can make no finding as to auto depreciation and auto repairs claimed by petitioner. The evidence establishes that he used an automobile in his business but does not show the cost of the automobile nor its probable useful life. No evidence was given as to cost of repairs. Under such circumstances if we made a finding as to depreciation on petitioner's automobile used in his business, or as to cost of repairs it would be a pure guess and we do not consider that we are authorized to make such guesses, in the absence of any evidence at all to support them. As to the medical expenses claimed in assignment of error 1, we have no evidence. It seems to have been adjusted by the Commissioner in his determination of the deficiencies in accordance with his determination of petitioner's net income *237 for each of the taxable years. As to the items of interest and taxable years. As to the items of interest and taxes which the Commissioner has disallowed in his determination of the deficiencies for the year 1946, we have no evidence. Therefore the Commissioner's determination as to these items is sustained. We will next take up petitioner's assignment of error No. 2, which reads: "2. The Commissioner erred in asserting that the Petitioners realized unreported business income of $9,228.20 for the taxable year ended December 31, 1945, and $13,010.07 in the taxable year ended December 31, 1946." We sustain petitioner in part in this assignment of error. After hearing his evidence we feel pretty well convinced that he did not receive as large amounts of "Additional Commissions" as the Commissioner has determined. According to the findings which we have made, petitioner had the following income from commissions: 1945
Broom & Newman
$3,000.00
Additional commissions earned
4,614.09
1946
Broom & Newman
$ 755.00
Additional commissions
6,523.30 These figures should be used as petitioner's income from commissions, in a recomputation under Rule 50, instead *238 of the amounts which the Commissioner has used in his determination of the deficiencies. We will next take up petitioner's assignment of error No. 3. This assignment of error reads: "3. The Commissioner erred in asserting that the Petitioners did not have taxable salaries and commissions of $2000.00 in 1945 and $3,999.87 in 1946." This assignment of error can be confusing, unless its implications are examined and understood. As we have already said petitioner in his return for 1945 reported the following commissions: Broom & Newman
$3,000
Additional commissions earned
2,000 The Commissioner has substituted for this latter $2,000, the figures $9,228.20 and in his adjustment (e) has eliminated the $2,000. In accordance with our findings of fact above in a recomputation under Rule 50 the figures which should be used in 1945 for petitioner's additional commissions should be $4,614.09 and the figures which should be used for additional commissions for 1946 in a recomputation under Rule 50 should be $6,523.30. Of course, none of the foregoing two amounts should be eliminated as the Commissioner did in his adjustment (e) for 1945 and his adjustment (g) for 1946. *239 To that extent, petitioner's assignment of error No. 3 is sustained. Needless to say, the other adjustments made by the Commissioner in his deficiency notice which are not changed by these findings and this opinion remain unchanged as determined by the Commissioner in his deficiency notice. As has already been stated, the Commissioner concedes that no fraud penalties should be imposed. Decision will be entered under Rule 50.